UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JAMES OSLEY, <br><br> Plaintiff, <br><br> v. <br><br> ANTHONY J. BLINKEN,[1] et al. <br><br> Defendants. | CASE NO. C20-6186 BHS <br><br> ORDER GRANTING DEFENDANTS' MOTION TO DISMISS |

This matter comes before the Court on Defendants' motion to dismiss. Dkt. 8. The Court has considered the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

## I.    FACTUAL & PROCEDURAL BACKGROUND

Plaintiff James Osley is a United States Citizen who brings a writ of mandamus asking the Court to compel Defendants to approve his fiancée's K-1 visa. Dkt. 1. On

---

[1] Anthony J. Blinken became the Secretary of the Department of State on January 27, 2021 and is automatically substituted for Defendant Mike Pompeo under Federal Rule of Civil Procedure 25(d).

ORDER - 1

February 18, 2019,[2] Osley filed a I-129F Petition with U.S. Citizen and Immigration Services ("USCIS") for his fiancée, Chantrea Kut. *Id.* ¶4. USCIS approved the petition on February 4, 2020. *Id.* In accordance with visa application procedures, the Department of State then scheduled an interview with Ms. Kut. *Id.* ¶ 10. On October 22, 2020, a consular official interviewed Ms. Kut in Phnom Penh, Cambodia. *Id.* The consular officer denied Ms. Kut's visa application following Ms. Kut's interveiw, allegedly accusing Ms. Kut of committing relationship fraud. *Id.* ¶ 12.

On March 16, 2021, the Department of State sent Ms. Kut a letter informing Ms. Kut that the consular officer refused the visa because the petition contained "false statements" and because the consular officer did not believe the relationship to be genuine.[3] Dkt. 9-1 at 2. On March 1, 2021, USCIS informed Osley that the I-129F Petition had expired. Dkt. 9-2.

Osley alleges that the consular officer did not issue the K-1 visa because Ms. Kut did not know about his criminal history when he was in high school. Dkt. 1, ¶¶ 11–12. Osley seeks a Court order compelling Defendants "to perform their duty to grant the Plaintiff's Fiancée visa." *Id.* at 5.

---

[2] Osley's complaint states that the I-129F Petition was filed on "February October 18, 2019." Dkt. 1, ¶ 4. The Government's factual background asserts that the petition was filed on February 18, 2019. Dkt. 8 at 2. Without deciding the factual accuracy, the Court assumes that the I-129F Petition was filed in February 2019.

[3] Defendants attach two documents to their motion—the notice the Department of State provided to Kut and the termination notice USCIS provide to Osley. *See* Dkt. 9. For purposes of a Rule 12(b)(6) motion, the Court may consider documents referenced in the complaint and documents that form the basis of the plaintiff's claim without converting it to a motion for summary judgment. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). The Court agrees with Defendants that the two attached notices are such documents.

On March 22, 2021, Defendants moved to dismiss Osley's petition for writ of mandamus pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that Osley's petition is barred by the doctrine of consular nonreviewability. Dkt. 8. Osley did not respond. On April 16, 2021, Defendants replied. Dkt. 10.

## II.  DISCUSSION

Motions to dismiss brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under such a theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295, 1301 (9th Cir. 1983). To survive a motion to dismiss, the complaint does not require detailed factual allegations but must provide the grounds for entitlement to relief and not merely a "formulaic recitation" of the elements of a cause of action. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007). Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

Here, Defendants move to dismiss arguing that the doctrine of consular nonreviewability precludes justiciability of Osley's claims. It is well established that "a consular official's decision to issue or withhold a visa is not subject either to administrative or judicial review." *Li Hing of Hong Kong, Inc. v. Levin*, 800 F.2d 970, 971 (9th Cir. 1986); *Raduga USA Corp. v. U.S. Dep't of State*, 284 F. App'x 404, 405 (9th Cir. 2008); *Ventura–Escamilla v. INS*, 647 F.2d 28, 30 (9th Cir. 1981). The doctrine is rooted in Congress' plenary power over immigration: the "power to exclude aliens is

'inherent in sovereignty, necessary for maintaining normal international relations and defending the country against foreign encroachments and dangers—a power to be exercised exclusively by the political branches of government." *Kleindienst v. Mandel*, 408 U.S. 753, 765–66. There is "no avenue for review of a consular officer's adjudication of a visa on the merits." *Allen v. Milas*, 896 F.3d 1094, 1108 (9th Cir. 2018).

There is a limited exception to the doctrine of consular nonreviewability when the denial of the visa implicates the constitutional rights of United States Citizens. *See Bustamante v. Mukasey*, 531 F.3d 1059, 1061 (9th Cir. 2008). But Osley has not responded, let alone raised this particular argument. "[I]f a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit." Local Civil Rule W.D. Wash. 7(b)(2). The Court thus agrees that the doctrine of consular nonreviewability precludes Osley's writ of mandamus. Defendants' motion to dismiss is GRANTED.

### III.  ORDER

Therefore, it is hereby **ORDERED** that Defendants' motion to dismiss, Dkt. 8, is **GRANTED**.

The Clerk shall enter a JUDGMENT and close the case.

Dated this 1st day of May, 2021.

BENJAMIN H. SETTLE
United States District Judge